**UNITED STATES of America, Appellee,**

v.

**Darryl MOORE, Appellant.**

**No. 88–2573.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1989.

Decided June 8, 1989.

R. Thomas Day, St. Louis, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before ARNOLD, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

On three separate occasions, Darryl Moore robbed the same branch of a federally insured savings and loan association at gunpoint. A jury convicted Moore of three counts of armed bank robbery. *See* 18 U.S.C. § 2113(a) (Supp. V 1987); 18 U.S.C. § 2113(d) (1982). Moore appeals, challenging one aspect of his sentencing under the United States Sentencing Guidelines. We affirm.

Moore contends the district court improperly determined his combined offense level when it considered each robbery count as an equally serious, separate offense. *See* U.S. Sentencing Guidelines § 3D1.4(a) (June 1988). Relying on section 3D1.2(b) (Oct.1987) of the guidelines, Moore argues the court should have considered the three counts as a single, closely related group because each robbery involved the same financial institution. Under Moore's theory, the multiple convictions thus would not trigger an increase in his combined offense level. *See id.* § 3D1.1(a) (Oct.1987); *id.* § 3D1.3 (June 1988); *id.* § 3D1.4 (June 1988). We reject Moore's argument.

The examples contained in section 3D1.-2(b) make clear that grouping offenses is designed to apply to a single criminal act that results in multiple charges. *See id.* § 3D1.2(b)(1)–(2) (June 1988); *id.* § 3D1.2(b) application note 4, example (4) & application note 6, example (9) (June 1988); *id.* § 3D1.5 illustration 1 (June 1988); *see also id.* supplementary illustrations, ch. 3, part D, example A.5 (Dec.1987). While Moore aimed all three robberies at the same physical target, they were separate and distinct criminal acts committed several weeks apart. Thus, the district court did not commit error in refusing to treat Moore's multiple convictions as a single offense under the sentencing guidelines.

Affirmed.