946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon E. TROYER, Jr., Defendant-Appellant.
 No. 91-3294.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 After pleading guilty to four counts of bank robbery, Vernon Troyer was sentenced to four years and three months in prison and three years supervised release. He also received a fifty dollar special assessment for each count on which he was convicted. Vernon Troyer appeals the district court's application of the Federal Sentencing Guidelines to his case. Troyer argues that the district court improperly refused to treat the four robberies as a "single count" for sentencing purposes and that the court also refused to take into account "special mitigating circumstances" which, Troyer alleges, warrant a downward departure in his sentence. For the following reasons, we affirm the district court's determination in this matter.
 
 
 2
 In November, 1990, Vernon Troyer was indicted by a federal grand jury on four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (1990). Each count represented a robbery of a different bank, on a different date, and for a different amount of money. Troyer pled guilty to all four robberies. Based upon a total offense level of twenty-four and a criminal history category of I, the presentence report concluded that the proper sentencing range for Troyer was from four years and three months to five years and three months.
 
 
 3
 Troyer's first argument is that the district court erred in application of Federal Sentencing Guidelines which control the determination of a combined offense level for multiple counts of a conviction. According to Troyer, his sentence should be determined under section 5G1.2 as a single robbery count and not four separate counts. If Troyer's analysis were applied, his potential sentence would be significantly shorter than that which was actually rendered. The government responds that the four separate counts of bank robbery must be analyzed under section 3D. In this provision, Congress specifically indicated that the sentences for certain crimes, such as bank robbery, were not to be "grouped"; rather, the sentence was to be determined from a calculation of the "combined offense level" for all the criminal conduct. Id.
 
 
 4
 The base offense level for bank robbery is 20. Sentencing Guidelines, § 2B3.1. However, because Troyer committed four separate bank robberies, the appropriate sentencing range must be derived from the calculated "combined offense level." United States v. Moore, 877 F.2d 651 (8th Cir.1989) (three robberies of the same bank constituted separate crimes for purposes of determining the combined offense level). Calculating the combined offense level in Troyer's case necessitates reference to Sentencing Guidelines, § 3D ("Multiple Counts"). Section 3D1.2(d) specifically excludes section 2B3.1 offenses from being grouped. Thus, each count of bank robbery represents a distinct group. Id. at § 3D1.2, Comment (n. 6). In this context, it is important to note that a "group" can be comprised of a single count. Id. at § 3D1.2, Comment (n. 7). In accordance with section 3D1.4, each "unit" by which a sentence range is increased represents a "single group of closely related counts." See id. at § 3D1.4, Comment. The original unit (or single group of closely related counts) from which the base level of 20 is derived is included in adding up the number of "units" for combined offense level purposes. Id. at § 3D1.4.a. Thus, in Troyer's case of four separate bank robberies, four levels are properly added to the base level of 20 to derive the combined offense level of 24.
 
 
 5
 Undeniably, Troyer is being punished for four separate bank robberies, as was the intent of the Sentencing Guidelines in creating the adjusted offense level determination. Troyer's analysis would have the court punish him solely for one bank robbery, under a theory that punishment for four bank robberies violates section 5G1.2 ("Sentencing on Multiple Counts of Conviction"). Troyer's reliance on section 5G1.2 is misplaced. Section 5G1.2 applies to concurrent and consecutive sentencing. As the commentary following section 5G1.2 states, "[t]he combined length of the sentences ("total punishment") is determined by the adjusted offense level," which would mean the calculation of Troyer's sentence as described above under section 3D1. The concerns of section 5G are with multiple count punishment, not multiple offense sentencing. As described above, Troyer's four bank robberies, which are not "grouped," are considered separate offenses, each of which must be considered when arriving at the proper combined offense level.
 
 
 6
 Troyer's second argument on appeal concerns the trial court's refusal to find a downward departure from the recommended sentencing range based on "special mitigating circumstances." Troyer alleges that there are circumstances in his case which a court could consider as necessitating a downward departure. Troyer claims that the district court perceived these mitigating circumstances but mistakenly believed it could not make a downward departure from the Sentencing Guidelines.
 
 
 7
 We are allowed only a limited review of a district court's sentencing decisions. 18 U.S.C. § 3742(a) (1990). As have most other circuits, this circuit has determined that section 3742(a) precludes appellate review of a discretionary refusal to depart downward. United States v. Smith, 918 F.2d 664 (6th Cir.1990). However, the appellate court will remand a sentencing decision where it finds that the district court mistakenly believed that it did not have the authority to depart downward, while in actuality, such authority did exist. United States v. Maddalena, 893 F.2d 815 (6th Cir.1989).
 
 
 8
 Troyer requested downward departure on several grounds which include: 1) that he was a dedicated husband and father, 2) that the robberies were aberrant behavior resulting from drug addiction and that he is now rehabilitated, 3) that he had the support of family and friends in his rehabilitation (18 neighbors petitioned the court to give him in-home incarceration or probation), 4) that he met obligations to the children of his ex-wife, as well as cared for two step-children for whom he had no duty to provide support, 5) that he worked a full-time job while starting a business, and, 6) that he never finished high school.
 
 
 9
 The trial court remarked upon the numerous mitigating circumstances before it: "If ever there's a case with mitigating circumstances, I think perhaps this is it." Nonetheless, the court ruled that the circumstances did "not rise to the level which was so high as to establish a departure area." According to the court, "None of the reasons ... advanced in my mind are such that would suggest that I would not abuse my discretion in departing from the guidelines." See Sentencing Guidelines, §§ 5H1.4, 5H1.5, 5H1.6. Clearly then, the court understood it had the discretionary power to consider mitigating circumstances such as Troyer's, but concluded that here, a downward departure would be inappropriate.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation