85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio PEREZ, also known as Orlando Arrieta, Defendant-Appellant.
 No. 95-1363.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: BROWN and SILER, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Antonio Perez (under the name of Orlando Arrieta) and twenty-six others were indicted in connection with an extensive drug importation and distribution conspiracy. Perez eventually entered into a Fed.R.Crim.P. 11(e)(1)(C) plea agreement in which he admitted his guilt as to one count of conspiring to possess with intent to distribute and to the distribution of a controlled substance, in violation of 21 U.S.C. § 846, in exchange for a maximum exposure of 168 months. The district court subsequently accepted the plea and ultimately sentenced Perez to a 120 month term of incarceration. This appeal followed.
 
 
 4
 Counsel for Perez filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Perez was served with this motion and a copy of the brief and was invited to respond. Perez subsequently filed a response pro se. The plaintiff-appellee will not be filing a brief unless requested by the court.
 
 
 5
 Defendant Perez pleaded guilty to his role in a drug smuggling ring with origins in Columbia. Undercover agents conducted controlled transactions and extensive negotiations with Perez beginning in 1993. These meetings and controlled drug deals were apparently recorded on hundreds of audio and video tapes. Perez was ultimately indicted for his role in the conspiracy, including the actual delivery of approximately 1 1/2 kilograms of heroin and immediately began to cooperate with law enforcement officials.
 
 
 6
 In late July and early August 1994, the parties entered into a written plea agreement. This document contained inter alia the express provision that the "[d]efendant agrees not to appeal the accuracy of any factor stipulated to in the attached worksheets." The first page of the attached "Worksheet A" indicates that Perez was involved in a "heroin conspiracy-10 kilos."
 
 
 7
 On August 22, 1994, Perez appeared before the district court to offer his plea in accordance with the written plea agreement he previously signed with the advice of counsel. The transcript of these proceedings clearly reflect that, although Perez did freely admit his guilt of the offense charged, his attorney expressed Perez's concern over the quantity of heroin attributed to him for sentencing purposes. The district court accepted the plea while noting that the exact quantity of heroin was a factual matter to be resolved at sentencing.
 
 
 8
 The drug quantity to be attributed to Perez for guideline sentencing purposes was the subject of argument by counsel at the ensuing sentencing hearing. The various audio and video recordings of the dealings between Perez and law enforcement agents formed the basis for the district court's conclusion concerning many of the sentencing factors, especially the quantity of heroin attributable to Perez. The court entertained argument on the subject, with specific references to numbered tapes, and concluded that Perez should be sentenced based on a conspiracy involving at least 10 kilograms of heroin. The parties do not dispute the characterization of the tapes as showing that Perez and the agents negotiated for more than 10 kilograms and that Perez actually made good on a delivery of 1 1/2 kilograms of heroin. The dispute was whether or not Perez should be held accountable for quantities of bargained for, but never actually delivered, heroin. The district court also expressed its reservations over the lack of an enhancement for Perez's leadership role in the offense, but acceded to the government's position and did not impose that sentence increase.
 
 
 9
 Counsel for Perez advances three arguable appellate issues in furtherance of her duty under Anders. Perez sets forth two additional appellate issues in his pro se response to the motion to withdraw. None of these arguments has merit.
 
 
 10
 Counsel's first and second issues are essentially the same, that is, that the district court erred in concluding that Perez should have been sentenced for a conspiracy having the importation and distribution of 10 or more kilograms of heroin as its object. The sentence imposed on a defendant convicted of being a part of an illegal drug distribution conspiracy should reflect only the amount of drugs directly attributable to the defendant due to his own actions or to the conduct of other members of the conspiracy that were reasonably foreseeable to him. United States v. Moss, 9 F.3d 543, 552 (6th Cir.1993). "Reasonable foreseeability" references the scope of the agreement that the defendant originally entered into with his co-conspirators. United States v. Flores, 5 F.3d 1070, 1082-83 (7th Cir.1993), cert. denied, 114 S.Ct. 884 (1994). The government, as always, bears the burden of proving this sentencing enhancement factor by a preponderance of the evidence. This court reviews a district court's decision in this regard for clear error. Moss, 9 F.3d at 552.
 
 
 11
 There is no serious disagreement that defendant Perez negotiated to deliver over 10 kilograms of heroin to law enforcement agents after actually delivering approximately 1 1/2 kilograms of heroin. It is also clear that Perez assented in the plea agreement to the government's position that the amount of heroin involved in the conspiracy was 10 kilograms. Counsel for the defendant correctly concludes that it would be frivolous under these circumstances to argue to this court that Perez was improperly charged with being a member of a conspiracy to transact in over 10 kilograms of heroin. These claims lack merit.
 
 
 12
 Counsel also properly notes that an argument might be made that the district court should have sentenced Perez below the statutory minimum of 120 months. In general, an appellate court is without jurisdiction to review a decision not to effect a downward departure. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). A failure to depart downward is reviewable only if the sentencing court acted on the mistaken belief that it lacked authority to depart from the guideline range. United States v. Maddalena, 893 F.2d 815, 817-18 (6th Cir.1989). The record clearly reflects the district court's consideration, and rejection on the merits, of a request to effect a downward departure.
 
 
 13
 The two claims raised by Perez are equally unavailing. The record does not support Perez's claims that his plea was the product of coercion, and his assertion that he was denied credit for pre-trial time served is belied by the plain language of the judgment and commitment order. The appeal lacks merit.
 
 
 14
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation