UNITED STATES of America, Plaintiff–Appellee,

v.

Peter Michael MADDALENA, Defendant–Appellant.

No. 89–1533.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1989.

Decided Dec. 21, 1989.

Rehearing Denied Feb. 28, 1990.

Donald A. Davis, Asst. U.S. Atty. (argued), Julie Ann Woods, Asst. U.S. Atty., Grand Rapids, Mich., Karen Skrivseth, Dept. of Justice, Crim. Div., Appellate Section, Washington, D.C., for plaintiff-appellee.

Timothy Young (argued), Lansing, Mich., for defendant-appellant.

Before KENNEDY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

KENNEDY, Circuit Judge.

On February 21, 1989, defendant Peter Michael Maddalena pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). He appeals his sentence of 22 years' (264 months) imprisonment, to be followed by a five-year term of supervised release, and a $50 special assessment claiming the sentence is not in accordance with the guidelines. We agree that the District Court may have misunderstood its discretion under the guidelines, and REMAND for resentencing.

Defendant robbed the Comerica Bank in Comstock Park, Michigan of $3,622 on July 29, 1988. Defendant entered the bank, placed a knife on the counter, and asked the teller for money. Defendant had previously been convicted of unarmed bank robbery in 1975, in violation of 18 U.S.C. § 2113(a), and of assault with intent to rob while armed, in 1979. Noting these two prior convictions, the presentence report classified defendant as a career offender and identified the applicable guideline

range as 262 to 327 months of imprisonment.

During the sentencing hearing, the government provided for the record a copy of the information to which defendant had pleaded guilty in 1975, and the 1975 presentence report. The information included evidence that the defendant said to the teller during the 1975 robbery, "Hurry up now, I don't want anyone to get hurt."

Defendant argues that the District Court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise discretion to deviate from the guidelines. He also argues that the court incorrectly believed that section 5K2.13 of the Sentencing Guidelines precluded the consideration of defendant's diminished capacity. Defendant further argues that the 1975 robbery was not a crime of violence and that therefore, he was incorrectly classified as a "career offender." He also argues that the court improperly considered the 1975 information. Finally, defendant argues that the court incorrectly denied him the opportunity to comment personally to the court prior to sentencing.

We find that the District Court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise discretion to depart from the guidelines based upon such consideration. We further find that the defendant's other arguments are not meritorious and that we need not decide the issue of the District Court's failure to provide defendant with the opportunity to comment personally to the court prior to sentencing. Accordingly, we REMAND this case to the District Court so that it may consider defendant's mitigating circumstances and depart from the guidelines if it so chooses. We also instruct the court to consider a recent amendment clarifying section 4B1.1 of the guidelines in determining whether to reduce defendant's offense level under the career offenders guideline for Acceptance of Responsibility.

 Defendant first argues that the District Court incorrectly believed that it could not consider defendant's mitigating circumstances and thus exercise discretion to depart from the guidelines. Defendant argues that his efforts to stay away from drugs comprise mitigating circumstances that the judge had discretion to consider and to use as a basis for departing from the guidelines.[1] Section 5K2.0 of the guidelines is a policy section, which states in part:

Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing. Nonetheless, the present section seeks to aid the court by identifying some of the factors that the Commission has not been able to fully take into account in formulating precise guidelines. Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing judge. Similarly, the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (*e.g.*, as an adjustment or specific offense characteristic), if the court

---

1. Defendant was aware of his drug dependency and made a conscious effort to deal with his problem. He managed to live a drug-free life for nine years; he moved from Michigan to Florida to avoid the temptation to revert back to his previous drug-dependent lifestyle; and he attempted to find employment in Florida and sought help for his drug addiction. He twice admitted himself to drug treatment programs. The second time he was released because his problem was not believed to be serious enough.

determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

*United States Sentencing Commission Guidelines Manual, (Manual)* § 5K2.0 at 5.42 (rev. ed. 1989). This section and the relevant case law make it clear that the sentencing judge had discretion to deviate from the guidelines. *See, e.g., United States v. Allen,* 873 F.2d 963, 966 (6th Cir.1989) ("A sentencing court may impose a sentence which deviates from the range prescribed by the Guidelines if it finds an aggravating or mitigating circumstance which the guidelines fail to take into account adequately.").

In sentencing the defendant, the judge made several comments indicating that he did not believe he had the authority to consider defendant's mitigating circumstances and the discretion to deviate from the guidelines. For example, he stated:

> The other issue, of course, under 5K and 5K2 concerning departures raises a serious question that is yet being hammered out in the appellate courts, federal courts today, and that is to what extent are departures encouraged in the sentence so-called guideline structure.

Later, he stated:

> [D]o you understand that I am giving you the bare minimum I can give you in consideration for all these things? ... [D]o you understand that I am giving you the very minimum I can give you under the sentence guidelines, that your quarrel may be with the sentence guidelines people—...."

These statements indicate that the judge incorrectly believed that he lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines. Therefore, we remand this case to the District Court, instructing the judge that he may, but need not consider the defendant's efforts to stay away from drugs as a basis for departing from the guidelines.

■ Another matter warrants consideration on remand as well. The presentence report reveals that the probation officer did not believe that under section 4B1.1 there could be an adjustment downward for Acceptance of Responsibility in determining defendant's offense level. The presentence report stated, "Since the defendant is a career offender, the offense level cannot be less than 34." Elsewhere, the presentence report concluded that defendant's conduct in turning himself in to the FBI even before an arrest warrant issued, and pleading guilty, would otherwise allow a two-level reduction. A recent amendment clarifying section 4B1.1 of the guidelines states, "If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels." *Manual,* § 4B1.1 at 4.11. The judge, when reviewing this case on remand, should consider this recent clarification of section 4B1.1 together with the findings in the presentence report in determining whether to reduce defendant's offense level two levels for Acceptance of Responsibility.

■ Defendant next argues that the District Court incorrectly interpreted section 5K2.13 [2] so as to preclude consideration of defendant's mental capacity as a basis for departing from the guidelines. The record reveals that the judge believed that section 5K2.13 precluded consideration of defendant's mental capacity as a basis for departure. The judge stated:

> One must remember that when we're talking about departures under these so-called guidelines, the Guideline Commission and the statute have just a little different variance in this, and somebody's going to iron it out someday, certainly not me. That is that a departure

---

**2.** Section 5K2.13 reads as follows:

*Diminished Capacity* (Policy Statement)

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public. *Manual,* § 5K2.13 at 5.47.

may only be had if it involves a topic that has not otherwise been addressed in the guidelines....

As noted above, section 5K2.0 states that "the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (*e.g.*, as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guidelines level attached to that factor is inadequate." *Manual*, § 5K2.0 at 5.42. The circumstances in the present case do not appear to be unusual. We find that the court's failure to consider defendant's mental capacity for departure purposes was not improper.

■ Defendant also argues that even if the court did not have the discretion to consider his mental condition as a mitigating factor, defendant's diminished capacity may be considered under section 5K2.13. Specifically, he argues that the robbery he committed was a non-violent offense and that the court improperly considered his mental condition as being caused by his voluntary use of drugs, for he was also suffering from severe depression and hypoglycemia.

Section 4B1.2(1) refers the reader to 18 U.S.C. § 16 for the definition of a "crime of violence." *Manual*, § 4B1.2(1) at 4.12. That provision defines the term to mean:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Defendant's robbery, in which he placed a knife on the counter and asked for mon-ey, involved the "threatened use of physical force against the person ... of another." Furthermore, the commentary to section 4B1.2 of the guidelines includes robbery as an offense covered by the provision. *Manual*, § 4B1.2 at 4.12, comment. Thus section 5K2.13 is not applicable to defendant, for he did not commit a non-violent offense.

■ Defendant next argues that he should not have been classified as a "career offender." [3] He was so classified based in part upon an unarmed robbery conviction in 1975. Defendant argues that this unarmed robbery was not a "crime of violence." The definition of "crime of violence" has been set out above. The unarmed bank robbery statute provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from person or presence of another ... any property or money or any other thing of value....

18 U.S.C. § 2113(a).

The requirement that property be taken either "by force and violence" or "by intimidation" requires proof of force or threat of force as an element of the offense. Defendant claims that he may have been convicted under another provision of the statute that does not include the threat of force as an element. The facts that defendant wore a ski mask and stated, "Hurry up now, I don't want anyone to get hurt," however, indicate that he was probably convicted under the provision involving the threat of force, for these were actions from which "an ordinary person in the teller's position reasonably could infer a threat of bodily harm." *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988). At any rate, the ski mask and statement, because they allow an inference of a threat of force, themselves indicate that the 1975 robbery was a "crime of violence."

**3.** Section 4B1.1 provides, in pertinent part:
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
*Manual*, § 4B1.1 at 4.11.

■ Defendant argues that in determining whether a crime of violence has occurred, the court should only look to the statute and not rely upon the indictment or any other information as to what occurred during the offense. We agree with the Fifth Circuit that the court has the discretion to consider evidence other than the statute in determining whether an offense was a "crime of violence." *United States v. Flores*, 875 F.2d 1110, 1112 (5th Cir.1989) ("The convictions also do not specify the section of the Texas Penal Code under which he was convicted. Because of other evidence in the record, however, we are able to conclude that his prior convictions were for burglaries of residences.").[4]

Finally, defendant's 1975 offense falls within the parameters of the second prong of the definition of a crime of violence, for it is a "felony ... that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." A bank robbery involves a confrontation between two people, and can arguably only succeed where there is substantial risk of physical force. *See Flores*, 875 F.2d at 1112 (finding that the burglary of a private residence is a "crime of violence").

■ Defendant also argues that the government improperly presented to the court for its consideration the 1975 information of the defendant without first making it available to defendant's counsel or before determining its reliability as a document to be considered by the court in sentencing. Under 18 U.S.C. § 3661, the District Court, in imposing a sentence, may consider without limitation any information regarding the background, character, and conduct of a defendant. The court has broad discretion in determining the sources and types of information on which to rely, as long as the information is sufficiently reliable. *See Flores*, 875 F.2d at 1112 (relying on hearsay evidence). The burden is on the defendant to show that the evidence relied upon is materially untrue. *Id.* at 1113. Defendant claims that he was not given an opportunity to verify the reliability of the information, yet he does not allege that it contains materially untrue information. Further, the authenticity of the information can readily be verified by looking at the court's records. Defendant has not met his burden of demonstrating that the information was materially untrue. Therefore, we find that the court did not improperly consider the information in the 1975 conviction.

Finally, defendant argues that the District Court failed to give him a personal opportunity to comment to the court prior to the court's sentencing, as required by Federal Rule of Criminal Procedure 32(a).[5] Because we remand this case to the District Court for resentencing on other grounds, we need not decide whether this alleged denial of defendant's right to allocution would by itself require remand for resentencing or was harmless under all the circumstances.[6]

The case is REMANDED to the District Court for resentencing in accordance with this opinion.

---

4. At any rate, this argument does little to aid defendant, because, as mentioned above, the commentary to the guidelines lists robbery as a crime of violence.

5. Federal Rule of Criminal Procedure 32(a) states, in pertinent part:
 Before imposing sentence the court shall ... afford counsel for the defendant an opportunity to speak on behalf of the defendant and ... *address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the sentence.*

Fed.R.Crim.P. 32(a)(1)(B) and (C) (emphasis added).

6. Defendant also argues that he is confused by the sentence he received because the court stated at one point that his offense category was 34 and his criminal history category was III, yet the court imposed sentence within the range applicable to offense category 34 and criminal history category VI. The court misspoke, for the criminal history applicable to career offenders is VI, not III. Thus the court correctly considered the sentencing guideline range applicable to category VI.