904 F.2d 37
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward S. NIESZ, Defendant-Appellant.
 No. 89-4082.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1990.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and ROBERT E. DeMASCIO, Senior District Judge*.
 PER CURIAM.
 
 
 1
 The defendant Edward S. Niesz was convicted upon his guilty plea to one count of uttering counterfeit bills in violation of 18 U.S.C. Sec. 472. Pursuant to a plea agreement, three additional counts were dismissed. On appeal, Niesz challenges his sentence of 7-months imprisonment, the maximum term of imprisonment applicable to his offense level under the Federal Sentencing Guidelines.[1] Niesz contends that at the time of sentencing, the district court improperly relied upon a pending indictment in another federal jurisdiction. We reject Niesz's claim and affirm the district court's judgment.
 
 
 2
 During the sentencing hearing, Niesz did not object to the presentence investigation report or to the applicable guideline range disclosed in the report. Rather, defendant's attorney argued that Niesz should be considered a first time offender and sentenced to probation because Niesz has not been convicted on the 26-count mail fraud indictment. Although 18 U.S.C. Sec. 3553(c) does not require judges to articulate their reasons for imposing a sentence within a guideline range under 24 months, the district judge did state his reasons for sentencing Niesz to 7-months imprisonment, the maximum within the range calculated under the guidelines. See United States v. Duque, 883 F.2d 43 (6th Cir.1989). He explained his concern about Niesz's continuous activity in passing counterfeit bills as well as "the relevant conduct indicated in the December 14, 1988 indictment ... where the Grand Jury found probable cause to return a 26-count true bill. Included were 25 counts involving numerous victims losing more than $48,000 and the obtaining of a fraudulent life insurance sales license." The district judge further explained that he would not use this information to depart upward beyond the applicable guidelines, but would consider the information as a basis for giving Niesz the maximum allowable term under the sentencing guidelines for his offense.
 
 
 3
 There is no merit to Niesz's contention that, under 28 U.S.C. Sec. 994(h), a district court cannot impose the maximum sentence within a guideline range unless the offender has been convicted of a prior felony. The district court did not commit constitutional error by considering the charges pending against Niesz to impose the maximum allowable sentence even though Niesz may be a first time offender. Niesz's argument that because he was a first time offender, the appropriate sentence was a sentence other than imprisonment, or at least the minimum sentence within the guideline range, is not supported by 28 U.S.C. Sec. 994(j). We are unable to perceive any incorrect application of the guidelines by the district court. 18 U.S.C. Sec. 3742(a)(2). The guidelines provide certainty and fairness while maintaining sufficient flexibility to permit individualized sentences. 28 U.S.C. Sec. 991(b)(1)(B). The 7-month sentence imposed was of the type and within the range contemplated by the guidelines for Niesz's offense.
 
 
 4
 Moreover, we reject Niesz's argument that the district court abused its "fact finding" powers by considering evidence of other pending charges without providing Niesz the opportunity to respond and rebut. The transcript of the proceedings reveal that after announcing the sentence, the district court did provide Niesz with an opportunity to respond and rebut. See United States v. Silverman, 692 F.Supp. 788, 790 (S.D.Ohio 1988). The burden is on the defendant to show that the evidence relied upon by the court is materially untrue. United States v. Maddalena, 893 F.2d 815, 820 (6th Cir.1989) (citing, United States v. Flores, 875 F.2d 1110, 1113 (5th Cir.1989)). Under 18 U.S.C. Sec. 3661, a sentencing court may consider any information regarding the background, character, and conduct of a defendant without limitation. See United States v. Maddalena, 893 F.2d at 820.
 
 
 5
 The transcript further reveals that Niesz's contention that the district court received information about the 26-count indictment from an undisclosed source is not true. Niesz has not demonstrated that the trial court was under any misapprehension as to the nature and extent of the charges pending in the 26-count indictment. Niesz alleged for the first time at oral argument that the court's reference to victims losing more than $48,000 damages was based upon a miscalculation by an "uninformed source" who incorrectly added the amounts involved in each count of the indictment. While we agree that sentencing must be based upon reliable information, Niesz has not shown that the district court's reference to victims losing $48,000 was materially untrue or based upon unreliable evidence warranting reversal of his sentence. Niesz's concern that the sentencing court was "clearly mistaken as to the nature and extent of the charges pending against defendant" could have and should have been raised at sentencing.
 
 
 6
 Finally, Niesz contends that the district court's consideration of other pending criminal charges at the time of his sentence violated the double jeopardy clause. We disagree. The consideration of other pending criminal charges when sentencing an offender does not implicate double jeopardy concerns.
 
 
 7
 The sentence of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert E. DeMascio, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In addition to the seven-month term of imprisonment, the district court imposed a $50 special assessment, restitution and a three-year term of supervised release