931 F.2d 57
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Peter M. MADDELENA, Defendant-Appellee.
 No. 90-1619.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Peter Maddelena ("defendant") pled guilty to one count of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). The court sentenced defendant to 264 months incarceration. Defendant appealed this sentence, and this Court remanded the case for resentencing. United States v. Maddelena, 893 F.2d 815 (6th Cir.1989). We held that the District Court incorrectly perceived that it lacked discretion to depart from the federal sentencing guidelines based upon certain mitigating circumstances. Id. at 817. We remanded and instructed the sentencing court to consider whether downward departure was appropriate.
 
 
 2
 After a review of the record, argument by the government and defense counsel and a statement by defendant, the District Court on remand sentenced defendant to 216 months incarceration, a sentence at the lower end of the sentencing range prescribed by the federal sentencing guidelines.[1] Refusing to depart from the federal sentencing guidelines, the District Court concluded that "a sentence near ... the lower end of [the sentencing] range ... is most appropriate to the circumstances."
 
 
 3
 The issue before this Court is whether the District Court erred in its sentencing determination because it exercised its discretion too narrowly. Defendant alleges that the District Court abused its discretion by failing to depart downward based on either of two grounds: that this is not a "heartland" case upon which the federal sentencing guidelines are based; or that defendant had potential for drug rehabilitation.
 
 
 4
 Based on the statute controlling appeals of sentences, 18 U.S.C. Sec. 3742,[2] a defendant may not appeal from a sentencing court's decision not to depart from the sentencing guidelines. United States v. Draper, 888 F.2d 1100 (6th Cir.1989). "A sentence which is within the Guidelines, and otherwise valid ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." Id. at 1105.
 
 
 5
 After a review of the record and in light of our previous instructions to the District Court on remand, we conclude that the District Court recognized that it had discretion to depart downward, but chose not to depart. Absent an allegation of error stated in section 3742(a), defendant is foreclosed from appealing this sentence. Accordingly, we DISMISS this appeal for lack of jurisdiction.
 
 
 
 *
 The Honorable John Feikens, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This sentence resulted from a reduction of two levels from the base offense level because of defendant's acceptance of responsibility. The District Court previously had denied defendant a reduction based on this mitigating factor
 
 
 [2]
 The relevant paragraph of this section states:
 (a) defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range ...; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 18 U.S.C. Sec. 3742(a).