940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton SUTTON, Defendant-Appellant.
 Nos. 90-6359, 91-5192.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Milton Sutton was convicted of two counts of cocaine related offenses, 21 U.S.C. Secs. 841(a)(1) and 846, and was sentenced to a 210 month term of imprisonment. Sutton thereafter moved for a sentence reduction pursuant to 18 U.S.C. Sec. 3582(c)(2). The district court denied the motion and the ensuing appeal was docketed in this court as case number 90-6359. Sutton subsequently filed a Fed.R.Civ.P. 60(b) motion for reconsideration. The district court summarily denied this latter motion and the following appeal was docketed in this court as case number 91-5192. These cases have been consolidated for appeal and the parties have briefed the issues.
 
 
 4
 Counsel for Sutton has indicated that he wishes to waive oral argument. The government has not opposed this request. Therefore, the cases will be submitted without oral argument.
 
 
 5
 At issue in these cases is the applicability of U.S.S.G. Sec. 3E1.1, a two level base offense reduction for acceptance of responsibility. The district court noted that Sutton may have otherwise merited this reduction if not for his status as a career offender within the meaning of U.S.S.G. Sec. 4B1.1. In United States v. Maddalena, 893 F.2d 815, 818 (6th Cir.1989), a panel of this court noted that an amendment to the Sentencing Guidelines clarifying Sec. 4B1.1 permits a Sec. 3E1.1 reduction to be given to deserving career offenders. We believe the district court should be given the opportunity to resentence Sutton in light of Maddalena. We note, in this regard, that if the district court determines that a reduction of Sutton's base offense level for acceptance of responsibility is appropriate, that his existing sentence of 210 months would be within the new sentencing range of 168 to 210 months established by such reduction. Cf. United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, --- U.S. ---- (1991). Sutton's appeal from the denial of his motion to reconsider is meritless as Sutton could not have prosecuted the motion in the fashion he attempted. First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343, 346 (6th Cir.1976) (per curiam).
 
 
 6
 Accordingly, the district court's judgment denying the motion to reconsider under review in 91-5192 is affirmed and the judgment denying the motion to reduce sentence under review in 90-6359 is vacated and remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation