993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert K. HARTZELL, Defendant-Appellant.
 No. 92-3204.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is a direct appeal from a criminal conviction in which the only issues raised concern the Sentence Guidelines. Robert K. Hartzell pleaded guilty to one count of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2). The district court sentenced Hartzell to an eighteen month term of imprisonment then withdrew the judgment pending further hearings on sentencing issues. The court reinstated the judgment following the denial of defendant's motion to effect a downward departure. This appeal followed. The parties have briefed the issues and have requested that oral argument be waived.
 
 
 3
 Upon consideration, we find no error in the proceedings on review. Counsel for Hartzell brings three assignments of error on appeal. The first claim is that the district court erred by not effecting a downward departure in light of Hartzell's medical condition. Hartzell is suffering from Acquired Immune Deficiency Syndrome (AIDS). Counsel cites to two guideline policy statements in particular, U.S.S.G. §§ 5K2.0, p.s., and 5K2.13, p.s., in this assignment. U.S.S.G. § 5K2.0, p.s., is cited for the proposition that the sentencing court may depart from the guideline range where there exist unusual circumstances not adequately taken into consideration by the Sentencing Commission. Section 5K2.13, p.s., recognizes that a downward departure may be in order when an individual commits a non-violent offense while suffering from significantly reduced mental capacity not resulting from drugs or alcohol. The departure is in proportion to the degree that the diminished capacity directly contributed to the commission of the offense.
 
 
 4
 In general, an appellate court is without jurisdiction to review a decision not to effect a downward departure. United States v. Pickett, 941 F.2d 411, 417-418 (6th Cir.1991); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). A failure to depart downward is reviewable only if the sentencing court acted on the mistaken belief that it lacked authority to depart from the guideline range. United States v. Maddalena, 893 F.2d 815, 817-18 (6th Cir.1989). Where there is no such error and the sentence is otherwise lawful, the failure to depart is not subject to review. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 5
 In the case at bar, the sentencing court was aware of its discretion to depart from the guideline sentence. Indeed, the court recognized the gravity of defendant's claim, held an evidentiary hearing to determine if a departure was warranted and learned that there was no direct relationship between the offense committed and symptoms of AIDS. The decision not to depart is therefore not reviewable on appeal.
 
 
 6
 Hartzell's second claim, that the district court erred in sentencing him to three years of supervised release, is directly related to Hartzell's first appellate argument. There is no dispute that the district court had the discretion to impose a three year term of supervised release on Hartzell. The only possible construction of this argument is that the court improperly failed to effect a downward departure in this regard. No case has been cited or located in support of Hartzell's proposition. This contention relies heavily on the same "failure to depart" arguments raised in the previous assignment of error and is rejected for the same reasons.
 
 
 7
 Hartzell's final appellate claim is that the combined effect of eighteen months imprisonment, three years supervised release and Hartzell's shortened life expectancy resulted in a sentence that is violative of the Eighth Amendment's proscription against cruel and unusual punishments. Other courts have rejected similar claims where the sentence is otherwise lawful. See, e.g., United States v. Rivera-Marquez, 519 F.2d 1227, 1228-29 (9th Cir.), cert. denied, 423 U.S. 949 (1975). There is no argument or appearance that the sentence is disproportionate to the crime charged. This assignment of error is unsupported in law.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.