Steve STINSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 3:99–0043.

United States District Court, M.D. Tennessee, Nashville Division.

March 31, 2000.

Gregory Dale Smith, Clarksville, TN, for Steve Stinson, petitioners.

Sunny A.M. Koshy, Office of the United States Attorney, Nashville, TN, for USA, respondents.

## MEMORANDUM

ECHOLS, District Judge.

Presently pending before the Court is Petitioner's Motion for Reconsideration (Docket Entry No. 6) of the Court's dismissal of Petitioner's claim under 28 U.S.C. § 2255, to which the United States responds in opposition. Also pending is Respondent's Motion to Accept Affidavit, to which no opposition has been filed. For the reasons explained herein, Respondent's Motion is hereby DENIED. Petitioner's Motion, however, is hereby GRANTED.

### I.

On October 17, 1997, Petitioner pled guilty to an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court subsequently sentenced Petitioner to 180 months, the minimum sentence authorized under federal law. On January 13, 1999, Petitioner filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on grounds that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. (Docket Entry No. 1). Specifically, Petitioner alleged that he was not fully aware of the charges against him and that he was under the impression that he would only be placed on probation as a result of the plea agreement. Respondent moved to dismiss Petitioner's habeas petition, and the Court granted Respondent's Motion. (Docket Entries No. 4 and 5).

On July 6, 1999, Petitioner filed the present Motion in which he urges the Court to reconsider its Order denying Petitioner's § 2255 Motion. (Docket Entry No. 6). On that same day, Petitioner filed a Notice of Appeal to the Sixth Circuit Court of Appeals. (Docket Entry No. 7). By Order entered on the docket on August 24, 1999, (Docket Entry No. 12), the Court reserved its ruling on Petitioner's Motion for Reconsideration pending Petitioner's compliance with the procedures outlined in *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). The Court noted, however, that the allegations raised by Petitioner in his Motion for Reconsideration "are sufficiently exceptional or extraordinary so to justify relief under Rule 60(b)(6)." (Docket Entry No. 11). The Court continued:

> While the Court would have preferred that the allegations raised by Petitioner had been brought up sooner, the Court is more concerned that justice be done. Accordingly, the Court notes that it is inclined to grant the relief requested and to grant Petitioner an evidentiary hearing to air the allegations made in his Motion for Reconsideration.

(*Id.*)

Pursuant to the Order of the Sixth Circuit Court of Appeals entered September 3, 1999, (Docket Entry No. 14), Petitioner voluntarily dismissed his appeal of the Court's prior Order. The Court then reopened Petitioner's habeas petition and held an evidentiary hearing on this matter on January 27, 2000.

### II.

■ Respondent asks the Court to consider the affidavit statement of Nathaniel

Koenig, Petitioner's former attorney, as evidence in ruling on Petitioner's section 2255 motion. Mr. Koenig initially was present at Petitioner's evidentiary hearing on January 27, 2000, but was not present when called as a witness by counsel for the Respondent. Prior to adjourning the hearing, the Court asked Respondent's counsel if he wished to leave the proof open. After hesitating, counsel declined to do so. Respondent now seeks to admit the affidavit testimony of Mr. Koening for the Court's consideration. In ruling on Petitioner's section 2255 petition, the Court is not inclined to consider evidence on which Petitioner has not had the opportunity to cross-examine and may be prejudiced thereby.[1] As such, Respondent's Motion to Consider Affidavit is hereby DENIED.

## III.

■ To prevail on a section 2255 motion alleging constitutional error, a petitioner must establish an error of constitutional magnitude that "had substantial and injurious effect or influence" on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficiency was prejudicial to petitioner's case. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first element of the *Strickland* analysis requires the petitioner to show that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* The second element requires that the petitioner show that coun-

sel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *See id.* The Supreme Court has cautioned, however, that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

## IV.

In his Motion for Reconsideration and at his evidentiary hearing, Petitioner alleges numerous errors of constitutional magnitude that Petitioner claims "had substantial and injurious effect or influence" on his sentencing hearing. *Brecht*, 507 U.S. at 637–38, 113 S.Ct. 1710. The Court will examine each in turn.

## A.

■ First, Petitioner alleges that his attorneys may have committed fraud. However, when questioned by defense counsel, the Government, and the Court at the evidentiary hearing, Petitioner explained that his jailhouse lawyer had included the term "fraud" when drafting Petitioner's Motion. According to Petitioner, the only "fraud" committed by his attorneys was that they did not do what they had promised to do for him. This allegation alone does not provide grounds for the Court to vacate, set aside, or correct Petitioner's sentence.

---

1. Even if the Court considered Koenig's affidavit statement as evidence in ruling on Petitioner's section 2255 motion, the Court's decision to grant Petitioner's Motion for Reconsideration would be unaffected. While Koenig states that *he* received no calls from Petitioner after his sentencing hearing requesting Koenig to file an appeal, Koenig's statement does not address Petitioner's alleged conversations with Koenig's secretary, who ensured Petitioner that Koenig was filing an appeal on his behalf and who would not connect Petitioner to Koenig directly. Furthermore, in section IV(E) herein, the Court reaches the same conclusion regardless of Koenig's failure to file an appeal due to the omission of Petitioner's counsel to seek a downward departure under guideline section 4A1.3 at Petitioner's sentencing hearing.

### B.

Next, Petitioner alleges that he did not enter into his plea agreement knowingly and voluntarily because he was under the influence of medication during the plea hearing and he withheld this information during the plea colloquy at the instruction of his attorney, who instructed him to lie to the Court in order to have his guilty plea accepted. However, the transcript of Petitioner's plea hearing reveals otherwise. When asked by the Court at his plea hearing whether Petitioner was "presently under the influence of any drug or medication or alcoholic beverage of any kind," Petitioner openly acknowledged that he had taken medication for ulcers, pain, nerves, allergies, and migraine headaches. Transcript of Plea Hearing at 6–7; 31–32. The Court inquired as to whether "any of these medicines ha[d] a mind-altering effect or ke[pt] [Petitioner] from having a clear head and thinking straight," to which Petitioner responded "No, sir. Not unless you abuse them. I don't abuse them." *Id.* at 7. The Court went on to ask, "You just took them in an amount of dosage prescribed to you by the doctor this morning, is that right?" to which Petitioner again stated, "Yes, sir." *Id.* at 7–8. Thus, Petitioner's allegation that he failed to reveal to the Court that he was under the influence of medication at the instruction of his attorney is contradicted by the transcript of the plea hearing and does not provide grounds for the Court to vacate, set aside, or correct Petitioner's sentence.

### C.

■ Petitioner also alleges that due to his counsel's allegedly deficient performance, Petitioner did not enter into his plea agreement knowingly and voluntarily and did not fully understand the nature of the plea. Again, Petitioner acknowledges that he stated during the plea hearing that he understood the nature of the plea. Petitioner claims, however, that his attorney told him to always answer in the affirmative when asked questions by the Court and that failure to do so would keep the Court from accepting the plea. Defense counsel also allegedly stated that what was discussed during the plea colloquy concerning any sentence was irrelevant and would not impact any sentence Petitioner actually received.

While Plaintiff claims that he did not understand the nature of the plea agreement, the record reflects that the Court conducted an extensive plea colloquy with Petitioner. During the colloquy, Court explained in detail the elements of the charge. Transcript of Plea Hearing at 8–9. Petitioner acknowledged that he understood the elements of the offense, that he had discussed those elements and the entire case with defense counsel, and that his attorney had discussed any possible defenses with him. *Id.* at 8–10. The Court also explained the Government's burden of proof with respect to the charges against Petitioner and Petitioner's right to a jury trial as an alternative to pleading guilty. *Id.* at 8–9. Petitioner stated that he wished to plead guilty. *Id.* at 22. The Court verified that Petitioner had read and understood the contents of the plea petition, including portions relating to the penalties and guideline ranges. *Id.* at 27. Petitioner stated that he had read and understood the plea petition which he had discussed with his attorney and that no one had made suggestions or promises concerning his sentence other than to discuss the applicable guideline range of at least 180 months imprisonment. *Id.* at 29–30.

Petitioner further asserts that he was under the impression that he would merely be sentenced to probation as a result of the guilty plea. A review of the record likewise disputes this contention. The plea petition shows that Petitioner was advised he faced a mandatory minimum term of fifteen years imprisonment and a possible maximum sentence of life imprisonment. The plea petition also shows that he was advised by his attorney that the applicable guideline range would be from

180 months to life imprisonment. At the plea hearing, the Court also advised Petitioner that he faced a mandatory minimum of fifteen years imprisonment. Transcript of Plea Hearing at 11. As noted above, the Court confirmed that Petitioner had read and understood the contents of the plea petition. *Id.* at 27. Further, the Court informed Petitioner that probation was not available as an option for the sentencing judge for most offenses under the sentencing guidelines. *Id.* at 19. Petitioner acknowledged that his mind was clear and that he knew exactly what he was doing during the plea hearing. *Id.* at 33. The Court found that Petitioner was in full possession of his faculties, that he was competent to plead guilty, and that he understood the nature of the charges against him as well as the maximum penalty provided by law. *Id.* at 39.

Given these circumstances, the Court finds no merit to Petitioner's contentions that he did not understand the nature of the plea agreement or that he believed he would only be given probation. By Petitioner's own admissions, his attorney had informed him of the mandatory minimum sentence. *See Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986)(holding that where the court has scrupulously followed the required procedure, "the defendant is bound by his statements in response to that court's inquiry.") (citations omitted). Even if Petitioner's attorney had not so informed him, the Court took care during the plea colloquy to ensure that Petitioner was fully aware of the nature of the plea agreement and of the possible sentence he could receive. *See Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir.1999)(holding that the court's proper colloquy can be said to have cured any misunderstanding petitioner may have had about the consequences of his plea). Thus, Petitioner is not entitled to relief under section 2255 on the grounds that he did not enter into his plea agreement knowingly and voluntarily.

### D.

Petitioner also asks the Court to reconsider its Order denying Petitioner's section 2255 Motion due to his attorney's failure to file an appeal when specifically instructed by Petitioner to do so. A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right. *See Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Thus, an attorney's failure to file a notice of appeal when specifically instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255. *See Wilhite v. United States,* No. 96–6562, 1997 WL 685362, at *2 (6th Cir. Oct.29, 1997)(citing *Evitts,* 469 U.S. at 396–97, 105 S.Ct. 830). Petitioner's uncontradicted testimony at the evidentiary hearing established that (1) Petitioner attempted to contact his attorney by telephone several times a day for several days following his sentencing hearing to instruct his attorney to file an appeal; (2) his attorney's secretary assured him that his attorney was filing the appeal; and (3) his attorney never filed an appeal. There is no evidence that Petitioner expressly waived or abandoned his right to take an appeal. In fact, he subsequently filed a pro se notice of appeal outside of the required ten-day period, evidencing his desire to appeal his sentence.

The Court finds that defense counsel's ineffective assistance of counsel in failing to file an appeal when specifically instructed to do so by Petitioner constitutes an error of constitutional magnitude that "had substantial and injurious effect or influence" on Petitioner's case. Here, defense counsel's failure to appeal Petitioner's sentence may have created a procedural bar with respect to certain claims, thereby preventing Petitioner from raising those claims in a subsequent section 2255 motion absent a showing of cause and actual prejudice. *See United States v. Frady,* 456 U.S. 152, 167–78, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(failure to raise an issue on direct appeal generally bars a defen-

dant from raising it in a subsequent post-conviction proceeding; to avoid the resulting procedural bar, petitioner must establish cause excusing his default and prejudice resulting therefrom). Thus, in the interests of justice, Petitioner's sentence is hereby VACATED.

### E.

The Court's decision to vacate Petitioner's sentence in the present matter is buttressed by the Court's finding with respect to the final contention raised by Petitioner in his Motion for Reconsideration. Petitioner contends that he had ineffective assistance of counsel at sentencing due to his attorney's failure to seek a downward departure under guideline section 4A1.3 on the ground that the career offender designation overstated the seriousness of Petitioner's criminal history. As explained *infra*, Petitioner's contention is well-taken.

■■■ The Court first notes, however, that because Petitioner raises this theory for the first time in a section 2255 motion rather than in a direct appeal, Petitioner may be "procedurally barred" from collaterally attacking his sentence. *See Frady*, 456 U.S. at 162–63, 102 S.Ct. 1584. "Constitutional claims may be raised for the first time in a collateral attack, however, if the defendant can demonstrate cause for the procedural default as well as actual prejudice." *Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993). Ineffective assistance of counsel will constitute "cause" to overcome a procedural default only if it constitutes an independent constitutional violation under *Strickland*. *Strickland* requires a petitioner to show cause (that counsel's performance fell below an objective standard of reasonableness) and prejudice (that but for the deficiency, the likely outcome of the

proceeding would have been different). *See id.* at 687–96, 104 S.Ct. 2052. Actions or omissions by counsel that might be considered sound strategy do not constitute ineffective assistance of counsel. *See id.* at 689, 104 S.Ct. 2052. Because the Court's analysis of an ineffective assistance of counsel claim is similar whether presented as cause for a procedural default or as a separate claim, the Court next considers the merits of Petitioner's claim.

■■■ Petitioner claims that he was deprived of effective assistance of counsel at sentencing when defense counsel failed to move for a downward departure under section 4A1.3 on the grounds that the career offender designation overstated the seriousness of his prior record. The Sixth Circuit Court of Appeals has held that district courts may make downward departures in career offender cases. *See United States v. Maddalena*, 893 F.2d 815, 817 (6th Cir.1989). Thus, Petitioner has sufficiently alleged that he could have been eligible for a section 4A1.3 downward departure and that his counsel did not properly present this issue to the Court at sentencing, thereby establishing "cause." Counsel's failure to present this issue was not a matter of strategy; the transcript of the sentencing hearing reveals that counsel was unaware that Petitioner may have been eligible for a downward departure.[2] *Compare United States v. Goicochea–Melchor*, No. 97–1114, 1998 WL 385953, at *2 (2d Cir. May 27, 1998)(denying ineffective assistance of counsel claim where petitioner alleged that counsel failed to request a downward departure at sentencing and rather than moving for departure, counsel strategically asked the court to consider the factor as a basis for sentencing peti-

---

**2.** Defense counsel stated at Petitioner's sentencing hearing:

> Your Honor, the reason I didn't file some response is I have always made it a practice being an advocate to read the law and unfortunately if you can't find a way around it, you can't make something up .... I

> don't think it is fair. I don't think this man deserves fifteen years, but you read these guidelines it is defense lawyers' nightmare. Beat your head against the wall. Especially when you have someone who is obviously not a menace to society in this condition. Transcript of Sentencing Hearing at 12.

tioner at the bottom of the guidelines range; further, petitioner could not show prejudice, as the court sentenced petitioner at the top of the guidelines range despite counsel's urging), *with United States v. Headley*, 923 F.2d 1079, 1083–84 (3d Cir.1991)(finding that counsel's failure to seek a "potentially fruitful" downward adjustment under guidelines fell outside prevailing professional norms and therefore was ineffective), *and United States v. Soto*, 132 F.3d 56, 59 (D.C.Cir.1997)(finding ineffective assistance of counsel where counsel failed to move for downward departure for client who qualified as minor participant under Guidelines).

The offense in Petitioner's case is mitigated by the facts. Petitioner is forty-two (42) years old. He committed several burglaries when he was twenty-two (22) and twenty-six (26) years old, four of which involved small businesses where small amounts of money and/or goods were stolen. One burglary was of a home where small items were stolen. Petitioner's aggravated assault conviction involved his girlfriend and his marijuana delivery/possession conviction occurred approximately twelve (12) years ago. The offense for which Petitioner was sentenced to fifteen (15) years in prison, felon in possession of a firearm, was brought to light because Petitioner was target practicing in his back yard and stray bullets accidentally hit a neighbor's house. Previously, Petitioner had obtained a restoration of his civil rights through appropriate state court proceedings and had obtained a valid hunting license so he could hunt with his son.

Petitioner can also show prejudice, as the transcript from his sentencing hearing demonstrates, that had his attorney articulated his motion for downward departure under section 4A1.3, there is a reasonable probability that the Court would have granted the departure. At sentencing, the Court expressed its concern that the mandatory minimum "shocks the conscience." Transcript of Sentencing Hearing at 11. The Court further stated:

> The Court has not found any recognized grounds to depart from the guidelines in this case, although it has searched to do so. The Court believes the sentence in this case is not proper and further states that this is another instance in which the infinite wisdom of Congress, in the Court's opinion, results in a miscarriage of justice and a sentence that's grossly unfair to this defendant.

*Id.* at 28. Certainly this language suggests that had the Court been presented with argument by defense counsel regarding the 4A1.3 departure, the Court would have departed from the mandatory minimum. *Cf. Brown v. United States*, 75 F.Supp.2d 345, 352 (D.N.J.1999)(finding petitioner could not establish prejudice because he had not demonstrated that even if his attorney had articulated his motion for downward departure under section 4A1.3, the court would have granted the downward departure).

Having determined that Petitioner has established cause and prejudice so as to overcome his procedural default, and having considered the merits of Petitioner's claim of ineffective assistance of counsel at his sentencing hearing due to his attorney's failure to request a downward departure under section 4A1.3, the Court finds that under the particular facts of this case defense counsel rendered ineffective assistance at Petitioner's sentencing hearing. The Court further finds that counsel's omissions in this case constitute a second error of constitutional magnitude that "had substantial and injurious effect or influence" on Petitioner's case. Namely, in the absence of any motion or argument by defense counsel that Defendant was entitled to a downward departure under section 4A1.3 of the guidelines, the Court imposed the mandatory minimum sentence of fifteen years imprisonment in Petitioner's case. Accordingly, Petitioner's sentence should be VACATED pursuant to 28 U.S.C, § 2255.

### V.

Based on the foregoing reasons, Respondent's Motion to Accept Affidavit is hereby DENIED. However, Petitioner's Motion for Reconsideration of the Court's Order denying Petitioner's claim under 28 U.S.C. § 2255 is hereby GRANTED. Accordingly, Petitioner's sentence imposed by the Court on February 2, 1998, is hereby VACATED pursuant to 28 U.S.C. § 2255.

By separate order entered in *USA v. Steve Stinson*, Criminal Case No. 3:97–00065, the Court will appoint counsel to represent Defendant Stinson and set a new sentencing date.

### ORDER

Presently pending before the Court is Petitioner's Motion for Reconsideration (Docket Entry No. 6) of the Court's dismissal of Petitioner's claim under 28 U.S.C. § 2255, to which the United States responds in opposition. Also pending is Respondent's Motion to Accept Affidavit (Docket Entry No. 29), to which no opposition has been filed.

For the reasons explained in the Memorandum entered contemporaneously herewith, Respondent's Motion is hereby DENIED. However, Petitioner's Motion is hereby GRANTED. Accordingly, Petitioner's sentence imposed by the Court on February 2, 1998, is hereby VACATED pursuant to 28 U.S.C. § 2255.

By separate order entered in *USA v. Steve Stinson*, Criminal Case No. 3:97–00065, the Court will appoint counsel to represent Defendant Stinson and set a new sentencing date.

It is so ORDERED.