File Name:  05a0263n.06
Filed:  April 7, 2005
NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  04-3038

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

JOSEPH A. HAIRSTON,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

    MARTIN, J., delivered the opinion and judgment of the Court; BATCHELDER, J., concurring in the judgment of the Court only.

    BOYCE F. MARTIN, JR., Circuit Judge, delivered the opinion and judgment of the Court. The United States appeals the sentence imposed upon defendant Joseph A. Hairston, claiming that the district court erred in granting Hairston an eight-level downward sentencing departure under the then-mandatory United States Sentencing Guidelines. On appeal, Hairston claims that the court below was justified in granting the departure based on extraordinary post-offense rehabilitation. In

_____

[*]The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

light of the Supreme Court's intervening decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), we **VACATE** the decision of the district court and **REMAND** for resentencing.

I.

From January 4 to April 11, 2002, the defendant, Joseph A. Hairston, on three separate occasions sold 38.6 grams of crack cocaine to a confidential informant. During one of the drug sales, Hairston also sold the informant a .32 caliber pistol. At the time of those sales, Hairston had three prior crack cocaine convictions. On May 13, 2002, Hairston agreed to plead guilty to one count of distributing more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). The presentence report calculated Hairston's criminal history category as IV (compared to category II as estimated by the parties in the plea agreement) based on Hairston's eight criminal history points. The report also determined that Hairston had a total offense level of 29, which included a three-level downward adjustment for acceptance of responsibility. Consequently, Hairston faced a Guidelines range of 121-151 months of imprisonment. The probation officer recommended a sentence of 121 months with five years of supervised release.

On October 1, 2003, Hairston filed a motion for downward departure. In his motion, Hairston argued that a downward departure was appropriate based on his extraordinary post-offense rehabilitation. In response, the United States argued that a downward departure was not appropriate, in part because Hairston had merely complied with the standard conditions of release. On October 24, the district court sentenced Hairston. After adopting the presentence investigation report and accepting the probation officer's Guideline-range recommendations, the district court

concluded that Hairston met the criteria for extraordinary rehabilitation, "albeit barely." The court

explained its decision from the bench:

> Compared to someone who had always taken the high road . . . he is not
> extraordinary. But compared to the someone who has been steeped in this drug
> culture and who has spent a considerable portion of his life in the drug culture, his
> post-arrest rehabilitation has been extraordinary. . . . [H]e has done little more than
> what he was required to do, but I see a number of instances where people are
> required to do certain things as a condition of their release and I don't have to tell
> you about the countless instances in which they are back here because they don't
> do it. And I was most impressed by his commitment to his work and his
> commitment to his support of his dependents, not to mention the fact that his
> urinalysis specimens have been negative. And that's something that is
> consequential for someone who has been, if not addicted to drugs, close to being
> addicted to drugs and who has been, you know, an integral part of the drug culture
> for most of his life.

The court, without explaining the reasons for the *extent* of its departure, departed to an offense level

of 21 with a criminal history category of IV and sentenced Hairston to a term of imprisonment of

sixty months, to be followed by five years of supervised release.

The United States appeals the sentence imposed upon Hairston, arguing that a downward

sentencing departure was not warranted in this case and that the district court erred by failing to

explain adequately the reasons for the extent of its eight-level departure.

II.

While this case was pending on appeal before this Court, the Supreme Court issued its

decision in *United States v. Booker*. In *Booker*, the Supreme Court extended its Sixth Amendment

holding in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531, 2536-37 (2004), to the federal

Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary

to support a sentence exceeding the maximum authorized by the facts established by the plea of

guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. In so holding, the Court expressly stated that its decision in *Booker* must be applied "to all cases on direct review." *Id*. Because this case was pending on direct review when *Booker* was decided, the holdings of *Booker* are applicable in the present case. In light of *Booker*, and the fact that the district court sentenced Hairston under the now-erroneous impression that the Guidelines are mandatory, we are convinced that the proper course of action is to vacate Hairston's sentence and remand for resentencing. *See United States v. McDaniel*, 398 F.3d 540, 547-51 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 528-30 (6th Cir. 2005).

## III.

While resentencing is required under *Booker*, we consider the remaining claims because the district court will need to consider the correct Guidelines-recommended sentence in fashioning its own post-*Booker* sentence on remand. *See McDaniel*, 398 F.3d at 551 ("[B]ecause the district court will need to consider the Guidelines-recommended sentences on remand, we take this opportunity to provide some guidance as to the proper interpretation of the Guidelines provisions whose application was challenged on appeal.").

We do not think that the district court erred in reducing Hairston's sentence under the Guidelines based on extraordinary post-arrest rehabilitation. Even under the Guidelines framework, we are convinced that it was proper for the district court to reduce Hairston's sentence given the fact that "the defendant . . . achieved real gains in rehabilitating himself and changing his behavior." *United States v. Sally*, 116 F.3d 76, 82 (3d Cir. 1997); *see United States v. Sauer*, No. 98-6066, 1999 WL 1021582, 198 F.3d 248, at * 3 (6th Cir. Nov. 1, 1999) (unpublished table

decision) ("[E]xtraordinary rehabilitation may serve as a proper basis for downward departure.");

*United States v. Blake*, No. 97-6406, 1999 WL 503531, 182 F.3d 918, at *2 (6th Cir. July 9, 1999)

(unpublished table decision) ("[W]e conclude that the district court may depart downwards if the

defendant's rehabilitation was so exceptional that it 'cannot be considered typical of those

circumstances in which an acceptance of responsibility adjustment is granted.'") (quoting *Brock*,

108 F.3d at 34).

The district court's grounds for post-offense rehabilitation in the instant case are sufficiently

atypical of defendants similarly situated to Hairston to justify a reduction in Hairston's sentence

under the Guidelines. As the district court pointed out, Hairston's pre-sentence investigation report

suggests that Hairston abused drugs and alcohol for more than half of his life—since he was

seventeen years old—and was unable to maintain consistent work since dropping out of school after

completing the eighth grade. The report also indicated a number of drug-related arrests, including

the underlying offense in this case.

Hairston's rehabilitation since this most recent arrest has been truly exceptional. During

Hairston's pre-sentencing period, which lasted approximately seventeen months, he remained drug-

free, as evidenced by twenty-four negative urine samples. During this period, Hairston also did not

commit any legal violations, except for a minor traffic violation, and held a steady job as a

maintenance technician, sometimes working as much as eighty hours per week. He also supported

three children of his own, two stepchildren, and his significant other. We think that the district

court was correct to consider Hairston's successful efforts to overcome his drug problems and

transform his life sufficiently extraordinary to justify a reduction in his sentence for post-offense rehabilitation.

Our view of Hairston's case comports with the result reached under the Sentencing Guidelines by a number of courts, which have considered a variety of factors in determining whether a defendant's efforts at rehabilitation justify a downward departure. While we note that no list of factors can exhaust all relevant considerations in evaluating efforts at post-offense rehabilitation, courts in this context have considered: drug and alcohol rehabilitation, *United States v. Maddalena*, 893 F.2d 815, 818 (6th Cir. 1989) (holding that district judge may consider defendant's "efforts to stay away from drugs as a basis for departing from the guidelines"); church and community involvement, *United States v. DeShon*, 183 F.3d 888, 889-90 (8th Cir. 1999) (district court did not abuse its discretion in relying on defendant's renewed church life in granting departure); steady employment, psychiatric treatment/counseling, and support of dependents, *United States v. Jones*, 158 F.3d 492, 503 (10th Cir. 1998) (district court did not abuse its discretion in departing downward based on defendant's post-offense rehabilitation evidenced by his regular work, counseling, and support of his children); and compliance with conditions of pre-trial release, *United States v. Lange*, 241 F. Supp. 2d 907, 911 (E.D. Wis. 2003) (finding downward departure for post-offense rehabilitation appropriate where convicted drug dealer passed all random drug tests while in rehabilitation, finished a drug treatment program, and complied with all release conditions).

In this case, the district court found "the changes that the defendant has undertaken in his life to demonstrate . . . that [the] defendant has made a commitment to repair and rebuild his life."

We agree that Hairston's changes are sufficient to demonstrate a genuine commitment to turning his life around such that he is unlikely to re-offend. Therefore, we think that the district court was justified in granting Hairston a downward departure under the Guidelines in light of his post-offense rehabilitation. While we are convinced that the district court did not err in departing downward under the Guidelines, we instruct the district court on remand to provide a more detailed rationale for the extent of its reduction in Hairston's sentence so that this Court can properly review for reasonableness on any subsequent appeal.

## IV.

Therefore, for the foregoing reasons, we **VACATE** Hairston's sentence and **REMAND** for resentencing consistent with the Supreme Court's decision in *United States v. Booker* and with this opinion.