UNITED STATES of America,
Plaintiff–Appellee,

v.

Shane CLEMENTS, Defendant–Appellant.

No. 97–1699.

United States Court of Appeals,
Sixth Circuit.

Argued April 8, 1998.

Decided May 22, 1998.

Donald A. Davis (argued and briefed), Office of U.S. Atty. for Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Sharon A. Turek (argued and briefed), Federal Public Defenders Office, Grand Rapids, MI, for Defendant–Appellant.

Before: WELLFORD, BOGGS, and MOORE, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Defendant–Appellant, Shane Clements, pleaded guilty to violating 18 U.S.C. § 875(d) and was sentenced to twenty-four months' imprisonment. On appeal, Clements argues that the district court erred when it denied his motion for downward departure based on diminished capacity pursuant to United States Sentencing Guidelines Manual ("U.S.S.G." or "Sentencing Guidelines") § 5K2.13. Clements also claims that the district court erred when it held that he had not shown that he was suffering from a significantly reduced mental state at the time of the commission of the offense.

For the following reasons, we **AFFIRM**.

## I

Shane Clements made several phone calls to Old Kent Bank in Grand Rapids, Michigan in October, 1996 and demanded $100,000. He threatened to detonate two explosive devices at different branches of the bank if his request was refused. Bank officials assured Clements that his request would be granted. Clements then went to pick up the money and was arrested by agents working for the Federal Bureau of Investigation.

Clements initially pleaded not guilty to one count of bank extortion. *See* 18 U.S.C. § 2113; *See also* Joint Appendix (J.A.) at 10 (Indictment). On February 26, 1997, the parties executed a plea agreement that required Clements to plead guilty to transmitting a threat to extort money through interstate commerce. *See* 18 U.S.C. § 875(d); *see also* J.A. at 12 (Plea Agreement).[1] On June 16, 1997, Clements was sentenced to twenty-four months' imprisonment. Prior to sentencing, Clements filed a motion for downward departure premised on diminished capacity under U.S.S.G. § 5K2.13. This motion was denied, and Clements timely appealed.

The district court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review Clements's appeal pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291.

## II

The Sentencing Guidelines incorporate a discretionary downward departure for diminished capacity. Section 5K2.13, a policy statement, reads:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13. As this statement suggests, to be eligible for a diminished-capacity

departure Clements must have committed a "non-violent offense." Clements argues that this court has not adequately defined "non-violent offense" and recommends that this inquiry be fact-specific. He maintains that his conduct did not constitute a violent offense. The government, on the other hand, claims that extortion is a "crime of violence" under the Sentencing Guidelines and therefore is not a "non-violent offense." The district court denied Clements's motion for downward departure because "the offense of conviction is not a nonviolent offense under [§ ] 5K2.13." J.A. at 27 (Dist. Ct. Sentencing Hr'g). The district judge also stated as an alternate ground that he was not convinced that Clements was suffering from a significantly reduced mental capacity at the time of the offense. *See* J.A. at 28 (Dist. Ct. Sentencing Hr'g).

■ Because Clements challenges the district court's interpretation of § 5K2.13, this court reviews his challenge de novo. *See, e.g., United States v. Epley*, 52 F.3d 571, 580 (6th Cir.1995). We accept any factual findings of the district court unless they are clearly erroneous. *United States v. Berridge*, 74 F.3d 113, 116 (6th Cir.1996). We are also mindful that courts generally apply the Sentencing Guidelines that are in effect at the time the sentence is imposed. *See, e.g., United States v. Clark*, 110 F.3d 15, 18 (6th Cir.1997).

## A

■ We first consider whether the offense of which Clements was convicted was, in fact, a non-violent offense. Although § 5K2.13 does not define "non-violent offense," in *United States v. Maddalena*, 893 F.2d 815 (6th Cir.1989), *cert. denied*, 502 U.S. 882, 112 S.Ct. 233, 116 L.Ed.2d 190 (1991), this court held that the definition of "crime of violence" within § 4B1.2 can be read in concert with § 5K2.13. *See Maddalena*, 893 F.2d at 819. We note, however, that the *Maddalena* court construed the Sentencing Guidelines in effect

1. In part, the Plea Agreement provided, "[t]he Defendant will waive Indictment, consent to the filing of an Information and offer a plea of guilty to the one-count Information which charges the Defendant with a violation of 18 U.S.C. § 875(d), Extortion, and which, upon conviction, carries a maximum penalty of 2 years imprisonment...." *See* J.A. at 12 (Plea Agreement).

in 1989. In June 1997, § 4B1.2(1) defined "crime of violence" as an offense that

   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Clements pleaded guilty to extortion under 18 U.S.C. § 875(d), which provides:

Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the *property or reputation* of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

(Emphasis added). Title 18 U.S.C. § 875(d) cannot be considered a "crime of violence" under U.S.S.G. § 4B1.2(1)(i) because the offense does not have as an element the use, attempted use, or threatened use of physical force against *the person* of another.[2] *See* U.S.S.G. § 4B1.2(1)(i) (emphasis added). Clements's crime does, however, fall under § 4B1.2(1)(ii), which expressly includes extortion as a "crime of violence." Application Note 2 of the Commentary to § 4B1.2 reiterates that extortion is designated a "crime of violence." *See* U.S.S.G. § 4B1.2 commentary, applic. note 2. Thus, we hold that Clements committed a "crime of violence" pursuant to § 4B1.2.

We now turn to whether a "crime of violence" under § 4B1.2(1) can be "non-violent" under § 5K2.13. In *Maddalena,* this court stated that because the defendant committed a "crime of violence" under § 4B1.2, " section 5K2.13 [was] not applicable to defendant, for he did not commit a non-violent offense." *Maddalena,* 893 F.2d at 819. Numerous oth-er circuits have similarly held that a "crime of violence" under § 4B1.2 cannot be "non-violent" under § 5K2.13. *See United States v. Poff,* 926 F.2d 588, 592 (7th Cir.) (en banc) ("Every court that has considered the interplay between § 4B1.2 and § 5K2.13 has held that the terms are mutually exclusive, most finding the proposition so obvious that little or no discussion was required."), *cert. denied,* 502 U.S. 827, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991); *see also United States v. Mayotte,* 76 F.3d 887, 889 (8th Cir.1996); *United States v. Dailey,* 24 F.3d 1323, 1325–26 (11th Cir. 1994); *United States v. Russell,* 917 F.2d 512, 517 (11th Cir.1990), *cert. denied,* 499 U.S. 953, 111 S.Ct. 1427, 113 L.Ed.2d 479 (1991); *United States v. Borrayo,* 898 F.2d 91, 94 (9th Cir.1989). Because extortion is a "crime of violence" under § 4B1.2(1)(ii) it is not "non-violent" pursuant to § 5K2.13. Consequently, Clements did not qualify for a § 5K2.13 departure because he did not commit a "non-violent offense."

Even if we accepted Clements's invitation to examine only the facts precipitating this particular offense, rather than the definition of "crime of violence" contained in § 4B1.2, we would still conclude that his actual conduct was not non-violent. Based on the facts and circumstances surrounding the commission of this crime, we hold that Clements's threat to detonate two explosive devices if his demands were not satisfied is clearly not non-violent conduct. *See United States v. Premachandra,* 32 F.3d 346, 348 (8th Cir. 1994).

**B**

Clements also asserts that his mental capacity was, in fact, diminished. He claims that the district court clearly erred in determining that he failed to show that he was suffering from a significantly reduced mental capacity. The government contends that the district court's decision not to depart downward from the Sentencing Guidelines is not

---

2. In passing, we note that 18 U.S.C. § 16, in part, defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another." 18 U.S.C. § 16 (emphasis added). When the *Maddalena* court construed § 4B.1.2(1), subsection (i) merely referred the reader to this section of the United States Code. *See Maddalena,* 893 F.2d at 819. However, § 4B1.2 was amended in 1989. *See* U.S.S.G, App. C, Amendment 268.

appealable; but even if it were appealable, the court did not clearly err.

■ We recognize that our resolution of the first issue effectively renders Clements's second assignment of error moot. Moreover, it is well established that "[a] district court's discretionary decision not to depart downward from the Guidelines range ordinarily is not appealable." *United States v. Ebolum*, 72 F.3d 35, 37 (6th Cir.1995). An appeal may be taken only if the district court believed that it lacked any authority to depart downward as a matter of law. *See id.*

■ The district judge's alternate ground for refusing to depart downward was based on Clements's failure "to show that he was suffering from a significantly reduced mental capacity at the time he committed this offense or to show the extent to which any such reduced mental capacity contributed to the commission of the offense." *See* J.A. at 28 (Dist. Ct. Sentencing Hr'g). In light of this explanation, this court is precluded from reviewing the district judge's alternative ground for refusing to depart downward.

### III

For the foregoing reasons, we AFFIRM the decision of the district court.