**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel MARTINEZ, Defendant–**
**Appellant.**

No. 00–1112.

United States Court of Appeals,
Sixth Circuit.

July 31, 2001.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.[*]

STAGG, District Judge.

Defendant Daniel Martinez appeals the sentence entered on his guilty plea to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. The district court increased the base offense level by two levels under U.S.S.G. § 3B1.1(c) due to the defendant's role in the conspiracy. For reasons stated hereafter, we AFFIRM.

## I. BACKGROUND

Daniel Martinez ("Martinez") was indicted on April 10, 1996, and charged with conspiracy to possess with intent to dis-

[*] The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

**412**

tribute marijuana. Martinez had delivered marijuana to Michigan from Arizona between 1993 and 1995. On October 23, 1996, the government sent a letter to Martinez's attorney, detailing an offer for a plea agreement. Specifically at issue in this appeal is a statement within the letter wherein the government agreed to "take no position on [Martinez's] role in the offense." Joint Appendix, Vol. 1 at 113. On November 7, 1996, Martinez pleaded guilty to the charge pursuant to a Rule 11 plea agreement and admitted that he was a member of the conspiracy. Notably, however, the written Rule 11 plea agreement made no mention of the government's position on Martinez's role in the offense.

In the presentence report, the probation officer recommended that Martinez's base offense level be increased by two levels pursuant to United States Sentencing Commission Guideline ("U.S.S.G.") § 3B1.1 (c) because he had recruited others as couriers to transport money and drugs for the conspiracy. The resultant guideline sentencing range due to these adjustments was 78–97 months. Martinez filed an objection to the enhancement for the role in the offense. During the sentencing hearing, Martinez again objected to the enhancement for his role in the offense, arguing that he had occupied a relatively low position in the organization. The government, however, disputed Martinez's characterization of his role in the offense and adamantly argued in support of the enhancement. Importantly, however, the only objection made during the sentencing hearing was as to the factual circumstances surrounding the determination that Martinez was an organizer, lead-

er, manager or supervisor and the guidelines' applicability in that regard; *no* mention was made of the October 23, 1996 letter from the government. After hearing arguments from counsel, the district court concluded that Martinez's admission that he had recruited a courier was sufficient to support a two-level enhancement under U.S.S.G. § 3B1.1(c).[1] Accordingly, the applicable guideline range was 78–97 months as recommended by the probation officer. Martinez asserts two errors with his sentencing: (1) that the government breached the plea agreement and (2) that the district court erred in increasing his base offense level for his role in the offense.

## II. ANALYSIS

### A. Alleged Breach Of The Plea Agreement.

First, Martinez contends that the government violated his Rule 11 plea agreement by arguing in support of an enhancement for his role in the offense. Martinez contends that part of the inducement for him to enter a guilty plea under the Rule 11 agreement was the October 23, 1996 letter in which the government stated that it would take no position regarding his role in the offense. Whether government conduct has violated a plea agreement is a question of law reviewed de novo. *See United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000).

At sentencing, the probation officer recommended a two point increase for Martinez's role in the offense and during the sentencing hearing, the government argued in favor of the two point increase.

1. With regard to the enhancement, the district court found as follows:

In any event. I find that the evidence, even if I were to focus purely on the conceded evidence, that is the defendant here recruited, that is to say organized, the participation of Jaime Webber, that within the

context of an ongoing criminal enterprise like this is sufficient to justify a 3B1.1(c) aggravating level—aggravating role circumstances such that the offense level increases by two levels.

Joint Appendix, Vol. 1 at 97–98.

Martinez claims that the government breached a promise that was outside the written plea agreement, specifically by taking a position relative to Martinez's role in the offense. The government, however, contends that Martinez's argument is precluded by an integration clause in the plea agreement and by Martinez's assurances in open court during his guilty plea that no other promises were made to him. The government further contends that Martinez's failure to object at the sentencing hearing when the government argued in support of a role in the offense adjustment effected a waiver of this claim.

■ In *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court stated, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499. The language of *Santobello* has established the principle that a plea bargain is contractual in nature. *See United States v. Herrera,* 928 F.2d 769, 771 (6th Cir.1991) (citing *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979)).

Martinez's written plea agreement states that "[t]his agreement incorporates the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant." Joint Appendix, Vol. 1 at 48. During the sentencing hearing. Martinez's counsel argued that the enhancement should not apply for *factual* reasons only. At this crucial moment, neither Martinez nor his attorney informed the court of any additional terms in the plea agreement which they now allege.

■ Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F.2d 720, 723 (6th Cir.1986). Although the government did *offer* to take no position on Martinez's role in the offense. Martinez's assertion that he and the government *agreed* that the government would take no position on his role in the offense is contradicted by the express terms of the plea agreement. *See Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986). In *Baker,* we stated that "[i]t is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties." [2] *Id.* Furthermore, it should be noted that once it became clear at the sentencing hearing that the government was going to take an active position regarding Martinez's role in the offense, it would have been reasonable for Martinez, who was present and represented by counsel, to object if the agreement did indeed prevent the government from taking a position regarding his role in the offense or if he *believed* that the agreement precluded such argument. It is significant that in this case the alleged promise was broken, if at all, in open court and in the presence of the defendant *and* his attorney. Martinez's failure to object to the government's statement at sentencing constitutes a waiver of any objection. *See United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995).

■ In the instant case, the probation department put forward information suggesting that Martinez acted as a leader in this offense and recommended a two-level adjustment to reflect this role. Martinez only suggested during sentencing that this finding was not factually accurate and was not supported by the guidelines—he did

---

2. Martinez's reliance upon cases cited within his brief is misplaced. In each of the cases he cites, there is a specific reference in the *plea* *agreement* to the fact in contention or an acknowledgment by the government that the facts were in some way being limited.

not reference any breach of a plea agreement by the government. When the district court inquired as to the government's position on the enhancement, the government advocated the position adopted by the presentence investigation report. Martinez's protestations concerning the purported violation of the plea agreement are foreclosed by his failure to preserve the issue and because the plea agreement allowed the government to act as it did. Furthermore, the plea agreement makes clear that the trial judge is the one who determines and resolves all sentencing issues and, consistent with this proposition, the government reserved the right to defend any and all sentencing determinations made by the judge. *See* Joint Appendix, Vol. 1 at 45 (Plea Agreement). Finally, where the parties have inserted an integration clause into the plea agreement, that "integration clause normally prevents a criminal defendant, who has entered into a plea agreement, from asserting that the government made oral promises to him not contained in the plea agreement itself." *United States v. Hunt,* 205 F.3d 931, 935 (6th Cir.2000). Accordingly, we find there was no breach of the plea agreement.

**B. Applicability Of The Enhancement.**

■ Second, Martinez contends that the district court erred in enhancing his base level offense by two points for being a leader or organizer of the conspiracy pursuant to U.S.S.G. § 3B1.1(c). While admitting that he recruited a courier to transport the drugs, Martinez argued at sentencing that the enhancement should not apply to a person who occupies the "bottom of [the distribution] ladder" and, furthermore, that recruiting only one person should not be sufficient for the enhancement to apply. Joint Appendix, Vol. 1 at 90. In reviewing federal sentencing guidelines, the factual findings of the district court are reviewed for clear error, while the district court's application and interpretation of the guidelines are reviewed de novo. *See United States v. Clements,* 144 F.3d 981, 982 (6th Cir.1998); *United States v. Barton,* 100 F.3d 43, 44 (6th Cir.1996). Specifically, a district court's finding as to the applicability of section 3B1.1 is a factual finding subject to the clearly erroneous standard of review. *See United States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991).

■ Section 3B1.1(c) of the Sentencing Guidelines states:

> Based on the defendant's role in the offense, increase the offense level as follows:
>
> . . .
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

When evaluating the role of a defendant for the purpose of section 3B1.1, relevant factors to consider include: (1) the exercise of the decision-making authority; (2) the nature of the participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degrees of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. *See* U.S.S.G. § 3B1.1, comment. (n. 4). "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of *one or more* other participants ." U.S.S.G. § 3B1.1, comment. (n. 2) (emphasis added). The government bears the burden of establishing, by a preponderance of the evidence, the factors supporting an enhancement due to a defendant's aggravating role in the offense. *See United States v. Ables,* 167 F.3d 1021, 1035 (6th Cir.), *cert. denied,*

527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999).

Through his counsel, Martinez conceded at sentencing that he was "involved in the recruitment of one Jaime Webber; and that's correctly noted in the presentence report." Joint Appendix, Vol. 1 at 88. "Where the defendant exerts control over at least one participant in a supervisory, managerial, leadership, or organizational capacity, a sentence enhancement is required under § 3B1.1." *United States v. Gort–DiDonato*, 109 F.3d 318, 321 (6th Cir.1997). *See also* U.S.S.G. § 3B1.1, comment. (n. 2). The fact that the conspiracy in this case involved only four persons, two of whom were above Martinez, does not disqualify Martinez as a leader, organizer, supervisor, or manager of the conspiracy.[3] Additionally, the district court noted that the government had "credibly proffer[ed] additional evidence which indicates that the defendant had other kinds of organizational responsibilities...." Joint Appendix, Vol. 1 at 97. Given the uncontroverted, and even conceded, facts that the district court had before it, and the arguments that were made to the district court, the enhancement for Martinez's role in the offense under section 3B1 .1(c) was not clearly erroneous.

**AFFIRMED.**

---

**3.** The fact that another also took a leadership role does not preclude a leadership adjustment in Martinez's offense level. *See* U.S.S.G. § 3B1.1, comment. (n. 4) ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy").