**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bobby BLEVINS, Defendant–Appellant.**

**No. 01–5443.**

United States Court of Appeals,
Sixth Circuit.

Dec. 28, 2001.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

This is a direct appeal from a judgment in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Bobby Blevins was named in a two-count indictment in connection with the manufacture and distribution of cocaine base. The district court subsequently accepted Blevins's guilty plea to the indictment and sentenced Blevins to a sixty-three month term of imprisonment and a five year period of supervised release.

Counsel for Blevins advances two issues for appellate review; both are addressed to the district court's application of the sentencing guidelines. This court reviews for clear error the district court's factual findings underlying the sentence, *United States v. Clements*, 144 F.3d 981, 982 (6th Cir.1998), and gives due deference to the district court's application of the sentencing guidelines to the facts of the case. *United States v. Kushmaul*, 147 F.3d 498, 500 (6th Cir.1998). This court, however, reviews de novo the sentencing court's application of the guidelines when the application presents a purely legal question. *United States v. Moerman*, 233 F.3d 379, 380 (6th Cir.2000). An examination of the record and law under this standard supports the judgment on review.

Blevins and co-defendant Roy Douglas Potter were arrested by federal authorities on July 14, 2000, and Blevins remained in federal custody up to and including the date he pleaded guilty to two charges on November 9, 2000. The matter was held over for sentencing pending completion of a pre-sentence report. On December 18, 2000, while Blevins was presumably in federal custody, the State of Tennessee revoked two of Blevins's suspended sentences for driving and drug offenses. The federal pre-sentence report was completed

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and counsel for Blevins registered two objections to the calculation of the criminal history category that are relevant to this appeal. Counsel specifically objected to the inclusion of one criminal history point in recognition of a twelve-month suspended sentence meted out to Blevins in Georgia for driving without a license on the theory that "twelve months" does not equal "one year" within the meaning of USSG § 4A1.2(c). Counsel also objected to the inclusion of five criminal history points in recognition of the revocation of the Tennessee suspended sentences on December 18, 2000, because Blevins was allegedly taken from federal to state custody without a writ of prosequendam. The district court rejected both objections and sentenced Blevins to the lowest end of the sixty-three to seventy-eight month guideline range. This appeal followed and counsel for Blevins raises the same two issues for appellate review.

■ Counsel objected to the addition of one criminal history point pursuant to § 4A1.2(c) for having received a probated sentence of "twelve months" in Georgia in 2000 for driving without a license. Section 4A1.2(c)(1) mandates the inclusion of all misdemeanor and petty offenses in a defendant's criminal history score except certain enumerated (and similar) offenses that did not result in either a minimum of "one year probation" or thirty days in jail. Counsel argues that, for federal sentencing purposes, there is some substantive difference between Georgia's "twelve month" probationary term and the reference in § 4A1.2(c) to "one year" based on some unwritten intention by the guideline drafters to differentiate between similar sentences handed out for felonies or misdemeanors. Counsel cites no support for this claim, however, and our independent efforts have likewise failed to show any statutory or decisional basis for this claim.

There is no apparent reason to strain the plain language of the guideline as urged by counsel. This issue lacks merit.

■ Counsel also objected to the assessment of five criminal history points under § 4A1.1(a) and (b) in recognition of a state court's (Tennessee) revoking Blevins's suspended sentences allegedly after Blevins was taken from federal custody without a warrant of any kind. Counsel's theory is that the state court judgment, entered without having acquired personal jurisdiction over Blevins legally, is void and not countable under the sentencing guidelines. Counsel for the government argued that however a defendant arrives before a court of law, the court has jurisdiction over the person of the defendant.

The government's position, and the district court's adoption of that position, is correct. In *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), the defendant had been kidnaped in Chicago by Michigan officers and brought to trial in Michigan. The Supreme Court upheld the conviction over objections based on the Due Process Clause and the federal Kidnaping Act, declaring that

This Court has never departed from the rule announced in [*Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886) ] that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to

permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

*Frisbie,* 342 U.S. at 522 (footnote omitted).

The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.