* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District

Because the reasoning which supports denial of defendant's motion has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the order of the district court denying the motion to suppress, as well as defendant's conviction and sentence, are affirmed upon the reasoning employed by that court in its Order denying defendant's motion to suppress entered on February 24, 2000 and its Order entered on July 7, 2000 that clarified that earlier order.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph L. TEVEPAUGH, Defendant–Appellant.**

No. 00–6641.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2002.

Ohio sitting by designation.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

## ORDER

This is a direct appeal from a criminal judgment and commitment order in which the only issues presented are directed to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Joseph L. Tevepaugh was named in a three-count indictment in connection with the forcible abduction of a woman from Virginia to Tennessee. The district court eventually accepted Tevepaugh's guilty plea to one count of kidnaping, in violation of 18 U.S.C. § 1201(c), and sentenced him to a 210 month prison term and a four year period of supervised release.

Counsel for Tevepaugh raises one compound issue for appellate review, namely, whether the district court erred in using the same offense conduct to justify a sentence enhancement for obstruction of justice (USSG § 3C1.1) and to deny a sentence reduction for acceptance of responsibility (USSG § 3E1.1). This court reviews for clear error the district court's factual findings underlying the sentence, *United States v. Clements*, 144 F.3d 981, 982 (6th Cir.1998), and gives due deference to the district court's application of the sentencing guidelines to the facts of the case. *United States v. Kushmaul*, 147 F.3d 498, 500 (6th Cir.1998). This court, however, reviews de novo the sentencing court's application of the guidelines when the application presents a purely legal question. *United States v. Moerman*, 233 F.3d 379, 380 (6th Cir. 2000). An examination of the record and law under this standard supports the judgment on review.

On October 11, 1999, Tevepaugh and a minor female forcibly kidnaped a woman in Virginia Beach, Virginia, and stole her car which they used to drive through North Carolina and into Tennessee. The victim was able to escape when they stopped at a gas station in eastern Tennessee the next day. Tevepaugh and his accomplice were arrested by state authorities in Knoxville, Tennessee, after abandoning the victim's car and were returned to jail in Cocke County, Tennessee.

On November 4, 1999, an agent of the Federal Bureau of Investigation visited Tevepaugh in the Cocke County Jail and advised him that he was under investigation by the FBI for kidnaping. A federal grand jury named Tevepaugh in the afore-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

mentioned indictment on January 26, 2000, and Tevepaugh effected an escape from the Cocke County Jail on March 5, 2000. Tevepaugh was apprehended the next day by Tennessee state authorities. Tevepaugh appeared in federal court to offer his guilty plea on June 19, 2000, and the matter was set over for sentencing and the preparation of a pre-sentence report. It is uncontested that Tevepaugh sent a letter to the victim in June 2000 after being specifically warned not to have any contact with her. Finally, Tevepaugh declined to admit his factual guilt of some of the charges when he was interviewed by the probation officer, qualifying his expression of remorse by saying he was sorry "for what she [the victim] thought she went through."

At sentencing, Tevepaugh objected to the two-level enhancement of his base offense level for obstruction of justice, pursuant to USSG § 3C1.1, assigned in recognition of Tevepaugh's escape from the Cocke County Jail. He also objected to the failure of the probation officer to recommend a two-level decrease in his base offense level under USSG § 3E1.1 for his acceptance of responsibility because of the same escape from state custody. The district court resolved these objections against Tevepaugh and proceeded to sentence him to the judgment of record. On appeal, Tevepaugh contends that it was error for the district court to rely on the same course of conduct, the escape, to support an enhancement as well as a failure to reduce.

The district court's decision was plainly supported by the law and facts. This court ordinarily reviews a court's conclusion that a defendant is not entitled to a sentence reduction for acceptance of responsibility for clear error. *United States v. Tilford,* 224 F.3d 865, 867 (6th Cir.2000). But where, "as here, the only issue presented is the propriety of the application of the adjustment to uncontested facts," a question of law, this court reviews de novo the trial court's decision. *United States v. Childers,* 86 F.3d 562, 563 (6th Cir.1996).

The guidelines expressly contemplate using the same conduct to enhance a sentence and to deny a sentence reduction in some circumstances. Section 3C1.1 provides for an enhancement to a defendant's base offense level where the defendant has obstructed justice:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Application Note 4(e) of USSG § 3C1.1 establishes that "escaping ... from custody before trial or sentencing" is an example of conduct to which the obstruction of justice enhancement applies. However, for a § 3C1.1 enhancement to apply, the conduct must have occurred "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1. The facts of the present case are almost identical to those contemplated by this Application Note, and the district court's decision is supportable on this ground alone. *Accord United States v. Roberts,* 243 F.3d 235 (6th Cir. 2001). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.