**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maticia SMITH, Defendant–Appellant.**

No. 03–3234.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Michael J. Burns, Asst. U.S. Attorney, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

E. Darren McNeal, Columbus, OH, for Defendant–Appellant.

Before: SILER and ROGERS, Circuit Judges; and FORESTER, District Judge.*

## ORDER

Maticia Smith, represented by counsel, appeals from her judgment of conviction and sentence. Smith is deemed to have waived oral argument because she failed to respond to this court's show cause letter concerning the waiver of such argument. The government has expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, a jury convicted Smith of maintaining a place for the purpose of storing, distributing, and using cocaine base in violation of 21 U.S.C. § 856. The district court sentenced her to eighty-seven months of imprisonment, plus three years of supervised release, and it imposed a $1,500 fine and a $100 special assessment.

In her timely appeal, Smith argues that the district court improperly sentenced her because it concluded that she had participated in the underlying drug offense. She also argues that the district court improperly shifted the burden to her to show that she was not involved in the underlying drug offense.

Upon review, we conclude that the district court properly concluded that Smith had participated in the underlying drug offense. This court reviews for clear error the district court's factual findings underlying the sentence, *United States v. Clements*, 144 F.3d 981, 982 (6th Cir.1998), and gives due deference to the district court's application of the sentencing guidelines to the facts of the case. *United States v.*

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

*Kushmaul,* 147 F.3d 498, 500 (6th Cir. 1998). This court, however, reviews de novo the sentencing court's application of the guidelines when the application presents a purely legal question. *United States v. Moerman,* 233 F.3d 379, 380 (6th Cir.2000).

The district court properly determined Smith's sentence. Section 2D1.8(a)(2) of the United States Sentencing Guidelines requires the district court to determine whether a defendant who managed an establishment used to manufacture drugs actually participated in the underlying drug offense. Subsection (a)(1) provides that the base offense level is the offense level from § 2D1.1 applicable to the underlying offense unless subsection (a)(2) applies. Section 2D1.1 is inapplicable if the defendant, among other things, allowed use of multiple premises, guarded the drugs, or took any part in the underlying drug offense. USSG § 2D1.8, comment (n.1).

In this case, the government presented evidence establishing that Smith did more than merely permit her residence to be used by her boyfriend (Darrin Walker) for drug trafficking offenses. The government presented the testimony of several agents from the Drug Enforcement Agency (DEA) clearly indicating that Smith was aware of Walker's drug activities. The evidence reflected that Smith's master bathroom, that she shared with Walker, had been converted into a crack laboratory, including all the paraphernalia necessary to convert powder cocaine into crack cocaine. In addition, the police discovered three loaded weapons under the mattress in the master bedroom and $31,000 in cash. They also discovered approximately half a kilogram of cocaine under the step stool used by Smith to climb into the bed, and an additional 211 grams of cocaine in another location of the bedroom.

Second, the record reflects that Smith engaged in various types of conduct designed to facilitate Walker's activities. Agent Flynn discovered that, on February 9, 2002, Smith had purchased or leased a 2002 Corvette, that on February 5, 2002, Smith had purchased a 2002 Cadillac Escalade, and that on February 4, 2000, Smith had purchased a 1996 Chevrolet Impala. Smith provided Walker with the Impala, and Walker used it to transport drugs, weapons, and paraphernalia used in the sale of the drugs. The agents discovered that the passenger side air-bag had been removed, and that the compartment had been used to conceal drugs. Smith also provided Walker with the Escalade that he drove to meet a confidential informant who had agreed to cooperate with the government by delivering a package of false cocaine to Walker. The informant had made a number of recorded telephone calls to the telephone number provided to Smith's business (Pamper Your Hand and Nails) to arrange the controlled delivery of the package. Finally, the DEA's investigation revealed that Smith had deposited more than $30,000 in cash into her checking account during a six-week period between December and January 2002. While Smith maintained that her business generated income of $100,000 per year, this amount would only account for approximately $8,300 per month. These deposits strongly indicate that Smith received the proceeds of Walker's drug activities and deposited the proceeds into her own bank account; thereby, participating in the concealing and redistribution of the drug proceeds. For these reasons, the district court properly concluded that Smith did more than merely permit her residence to be used by Walker for drug trafficking offenses.

Finally, the district court did not actually place the burden on Smith to disprove her participation in the underlying drug

offense, even though it made reference to *United States v. Dickerson,* 195 F.3d 1183 (10th Cir.1999), in which the Tenth Circuit placed the burden on the defendant to prove non-participation. The court clearly relied on the evidence presented by the government to support its conclusion that Smith had taken numerous actions to facilitate Walker's drug activity. The court clearly indicated that it was relying on evidence that the United States Attorney had "pointed out."

Accordingly, we affirm the judgment of conviction and sentence.